IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:17-cv-01335 |
| | ) |
| v. | ) Judge Solomon Oliver, Jr. |
| | ) |
| OBERLIN COLLEGE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT OBERLIN COLLEGE'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENT AUTHORITY

A recent Sixth Circuit decision that expressly rejected the reduced pleading standard in *Doe v. Columbia University*, 831 F.3d 46 (2d Cir. 2016), which Plaintiff urges this Court to adopt, further demonstrates why he has failed to state a Title IX claim. *See* Pl.'s Opp. at 10-12 (DE 12); Pl.' Mot. for Leave, at 2 (DE 21-1). In *Doe v. Miami University*, --- F.3d ---, 2018 WL 797451 (6th Cir. Feb. 9, 2018), the court confirmed that, in order to plead an erroneous outcome Title IX claim, a plaintiff must allege: "(1) facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding and (2) a particularized … causal connection between the flawed outcome and gender bias." *Miami*, at *8 (internal quotations and citation omitted). The facts that led the court in *Miami* to reverse the dismissal of a Title IX claim are not present in Plaintiff's Complaint (DE 1) or his proffered amendment (DE 21-2).

First, in *Miami*, the plaintiff alleged that "*every* male student *accused* of several misconduct" in the 2013-2014 academic year was "found responsible for the alleged violation." *Miami*, at *9 (emphasis added). In contrast, Oberlin College employs a strict vetting process for misconduct complaints so that, out of "over 100 reports of potential sex-based discrimination and harassment" received during the 2015-16 academic year, approximately 1 out of 10 complaints—or 10 percent—resulted in a finding of responsibility. Oberlin Spring 2016 Campus

Climate Report, at 5-6 (DE 10-3); Oberlin Br. at 12 n.6 (DE 10-1).  Plaintiff is simply wrong when he claims that Oberlin has a "100% conviction rate."  Pl.'s Notice, at 1 (DE 22).  Also, in *Miami*, the university was accused of not investigating reports of misconduct against female students.  *Miami*, at *9.  Here, Plaintiff does not allege that Oberlin fails to investigate complaints lodged against women.

Second, while it is true that, as Plaintiff alleges, Oberlin is one of "hundreds" of colleges and universities under government investigation for how it handles reports of sexual misconduct, Compl. ¶ 49, unlike in *Miami*, Oberlin is not a defendant in another Title IX lawsuit, let alone a matter in which the college is accused of being too lax in disciplining males found responsible for sexual assault.  *Miami*, at *10.

Third, in *Miami*, both parties had consumed alcohol prior to the sexual encounter and were found to have engaged in non-consensual sexual acts, yet only the male student was investigated and disciplined.  *Miami*, at *1, 7.  Here, Plaintiff does not allege that he consumed any alcohol prior to the sexual encounter, or that Oberlin should have investigated Ms. Roe for any alleged misconduct.  Compl. ¶¶ 66-73.  In addition, the plaintiff in *Miami* alleged that he was denied access to certain evidentiary materials prior to his hearing, including the disciplinary report and the names of those who would testify against him.  *Miami*, at *3.  Plaintiff makes no such allegations here.

Finally, Plaintiff alleges that he was the victim of sex-based bias because Dr. Meredith Raimondo, Oberlin's former Title IX coordinator and a member of the committee that drafted Oberlin's Sexual Misconduct Policy, is a self-avowed feminist.  Compl. ¶¶ 11, 55, 208.  The Sixth Circuit squarely determined that "being a feminist" does not support an inference that "an individual is biased against men."  *Miami*, at 9 n.6.

2

Dated:  February 21, 2018            Respectfully submitted,

                */s/ David H. Wallace*
David H. Wallace (0037210)
dwallace@taftlaw.com
Cary M. Snyder (0096517)
csnyder@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707

*Attorneys for Defendant Oberlin College*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 21, 2018, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                     */s/ David H. Wallace*
                                                     David H. Wallace
                                                     *Attorney for Defendant Oberlin College*

22054319