# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:17-cv-01335 |
| | ) |
| v. | ) |
| | ) The Honorable Solomon Oliver, Jr. |
| OBERLIN COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**JOHN DOE'S MOTION FOR LEAVE TO SERVE LIMITED PAPER DISCOVERY**

John Doe respectfully moves for leave to serve paper discovery (document requests and interrogatories) upon Oberlin College relevant to his breach of contract and Title IX claims (Counts I and II of the Amended Complaint).  The Case Management Conference Order issued by this Court on March 2, 2018, does not bar the commencement of discovery in this matter; it specifies only when the various phases of discovery must be completed.  *See* Dkt. #27 at 1.  But out of an abundance of caution John Doe respectfully moves for the Court's leave to conduct paper discovery on his breach of contract and Title IX claims, in order to speed the resolution of this case should the Court deny Oberlin's motion to dismiss those claims.

In support of this motion, John Doe states as follows:

1. John Doe commenced this action 19 months ago, on June 23, 2017.  *See* Dkt. #1.

2. Oberlin moved to dismiss John Doe's complaint on August 21, 2017.  *See* Dkt. #10.  That motion was fully briefed on October 4, 2017.  *See* Dkt. #13.

3. John Doe, having learned for the first time of gender-biased statements delivered by Oberlin's Title IX Coordinator, Meredith Raimondo, in June of 2015, filed an amended complaint on January 26, 2018.  He later withdrew and re-filed that amended complaint with

leave of the Court on February 26, 2018.  *See* Dkt. #26.  The amended complaint was virtually identical to John Doe's original complaint, except that it dropped two of his original claims and added allegations concerning Ms. Raimondo's newly-discovered statements.

4. Rather than submit briefing tailored to the newly-discovered statements, as the Court suggested it might do at the parties' Case Management Conference on February 26, Oberlin instead filed a second full motion to dismiss on March 23, 2018.  *See* Dkt. #28.  That motion differed very little from Oberlin's motion to dismiss the original complaint, filed on August 21, 2017.

5. Oberlin's motion to dismiss the amended complaint was fully briefed on April 13, 2018.  *See* Dkt. #30.

6. On September 11, 2018, Mr. Doe submitted supplemental authority in support of his Title IX claim, a decision from the United States Court of Appeals for the Sixth Circuit titled *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018).  *See* Dkt. #31.  The *Baum* Court held that, when a school experiences public and governmental pressure regarding its Title IX enforcement (the latter in the form of an active investigation by the Department of Education's Office for Civil Rights), little more is needed by way of plausible allegations of gender bias to survive a motion to dismiss a Title IX erroneous outcome claim.  *Id.* at 586 (letting Title IX claim proceed where only additional evidence of gender bias was fact that school happened to credit complainant's female witnesses and discredit respondent's male witnesses).  Oberlin responded to that supplemental authority on September 21, 2018.  *See* Dkt. #32.

7. Counsel for Mr. Doe consulted with counsel for Oberlin on January 17, 2019, about Mr. Doe's desire to serve paper discovery pending resolution of Oberlin's motion to dismiss.  Counsel for Oberlin stated that he believed the Court had stayed discovery pending

resolution of Oberlin's motion to dismiss but acknowledged that the Case Management Conference Order does not reflect that discussion. Oberlin is likely to oppose this motion.

8. In light of the length of time that has passed since the filing of his amended complaint, Mr. Doe respectfully requests that the parties be permitted to conduct paper discovery limited to Mr. Doe's claims for breach of contract and Title IX. The amended complaint was accepted for filing 11 months ago, and briefing on Oberlin's motion to dismiss it was completed more than nine months ago—and would have been completed sooner had Oberlin simply submitted a tailored response to the newly-discovered statements of Ms. Raimondo rather than a second full motion to dismiss and reply in support. Limited early discovery is an appropriate way to advance the resolution of this case while the Court resolves Oberlin's motion. *See, e.g., Doe v. The George Washington University*, No. 1:18-cv-553 (RMC), Minute Order (D.D.C. Sept. 21, 2018) (granting, in campus sexual misconduct case, plaintiff's contested motion to proceed with limited document discovery prior to filing of defendant's motion to dismiss amended complaint). Limiting the requested early discovery to (1) paper discovery (2) about Mr. Doe's strongest claims appropriately addresses any concern by Oberlin that early discovery will risk expenditure of resources unnecessarily by engaging in discovery on claims that are likely to be dismissed.[1] Particularly in light of its decision to conduct a second full round of legal briefing that differed little from its first, any such claim by Oberlin should ring hollow.

---

[1] For all of the reasons stated in his opposition to Oberlin's motion to dismiss, the amended complaint states a straightforward claim for negligence as well. *See* Dkt. #29 at 17-20. Acknowledging that his breach of contract and Title IX claims are stronger, and limiting his request for early discovery to those claims, is not somehow an admission that his negligence claim is deficient.

WHEREFORE, Mr. Doe respectfully requests that his Motion for Leave to Serve Limited Paper Discovery be granted and that he be permitted to serve on Oberlin the discovery attached hereto as Exhibits A and B.

DATED:  January 22, 2019

Respectfully submitted,

/s/ Christopher C. Muha
Justin Dillon (D.C. Bar No. 502322)
Christopher C. Muha (Ohio Bar No. 0083080)
KAISERDILLON PLLC
1401 K Street NW, Suite 600
Washington, DC 20005
(202) 640-2850
(202) 280-1034 (facsimile)
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com

*Attorneys for Plaintiff John Doe*

4

5

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Christopher C. Muha
Christopher C. Muha

*Attorney for Plaintiff John Doe*