# Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17-cv-01335 |
| | ) | |
| v. | ) | |
| | ) | The Honorable Solomon Oliver, Jr. |
| OBERLIN COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

**JOHN DOE'S FIRST SET OF INTERROGATORIES TO OBERLIN COLLEGE**

**TO:** **DAVID H. WALLACE, ESQUIRE AND CARY M. SNYDER, ESQUIRE, ATTORNEYS FOR DEFENDANT OBERLIN COLLEGE AND TO THE DEFENDANT ABOVE NAMED:**

You are hereby served the following written Interrogatories on behalf of the plaintiff, John Doe, to be answered separately and in writing by Oberlin College ("Oberlin"), within thirty (30) days after the service hereof under the provisions of Federal Rule of Civil Procedure 33.

**INSTRUCTIONS AND DEFINITIONS**

1. These interrogatories are continuing in character and require Defendant to serve supplemental answers if it obtains further or different information at a later time.

2. Where the knowledge or information of a party is requested, the answer should also include knowledge or information of that party's agents, representatives, employees, and attorneys.

3. Where information as to dates and/or times is requested as part of an interrogatory and the precise dates and times are not known, estimate the dates and times and describe the factual basis for each such estimate.

1

4. If any information or document requested by these interrogatories is claimed to be privileged or otherwise not producible or subject to disclosure, identify with specificity the information or document and state the basis for the claim of privilege or other ground for exclusion in sufficient detail so as to permit a court to adjudicate the validity of the refusal to provide the information or document. In the case of a document, identify the document (stating author, date, type of document, addressee(s), and recipient(s)); and identify all persons who have had access to the document and all persons who have possession of the document.

5. "Document" means any and all material that is written, printed, typed, photographed, recorded (electrically, electronically, magnetically, graphically, or otherwise) or which is capable of being recorded in any form, and is subject to production under Rule 34 of the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, telex messages, facsimile transmissions, memoranda, notes, rotations, work papers, manuscripts, logs, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences, or of other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, jottings, agenda, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, schedules, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, sound recordings, electronic mail messages ("e-mail"), computer files, computer printouts, data processing program libraries, data processing input and output, microfilm, all records kept by electronic, photographic, or mechanical means, any notes or drafts relating to the foregoing, all things similar to any of the foregoing, however denominated, and any non-identical copies of such documents (*i.e.*, those bearing notations or

marks not found on the original document). The term also includes any and all files and information from any computer, notebook, or laptop computer, personal digital assistant, cellular phone, file server, minicomputer, mainframe computer, or other storage device. The term encompasses all forms and manifestations of electronically stored and or retrieved electronic information, including, but not limited to, e-mail. It also includes all relevant files that are still on the storage media, but that are erased but recoverable.

6. "Person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, mutual or joint ventures and other forms of organizations or associations.

7. To "identify," when used with respect to a person means: (a) for a natural person, to state the person's full name, his last-known residential address and his last known employer, business address, and title; and (b) for any other person, to state its full name, its business address(es), and the names and addresses of its chief executive officer or managing partners or agents.

8. To "identify," when used with respect to a document, means to state the title, if any, the date, the author, the addressee, other recipients and the type of document (e.g. letter, memorandum).

9. To "identify," when used with respect to a written or oral statement or communication, means to state the date and place that the statement or communication was initiated and received, to identify the person making the statement or communication or causing it to be made, to identify the persons to whom the statement or communication was addressed, and to state, as close to verbatim as possible, what was stated or communicated.

10. To "identify," when used with respect to an act, event, or oral statement, means to state the date and place at which the act, event, or oral statement occurred and the substance of the act, event, or oral statement, and to identify the actor and other persons present. When used with respect to a type of action, event, or oral statement, it means to state the substance of the acts, the events, or the oral statements as a group.

11. "College" or "Oberlin" means Defendant Oberlin College, together with all subsidiaries, divisions, operating units, employees, agents, representatives, attorneys, and all persons or entities acting on its behalf.

12. "Communication" means any exchange of information whether written, oral, electronic or otherwise, including but not limited to, conversations, discussions, negotiations, letters, correspondences, e-mails, messages, notes, contacts, or anything similar to the foregoing.

13. "Oberlin official" means all employees, agents, representatives, attorneys, and all persons or entitities acting on Oberlin College's behalf.

## INTERROGATORIES

1. Identify each document that Oberlin considers to be part of the record of the investigation, evaluation, prosecution, adjudication, and all appeals of the charges against John Doe.

2. Identify all communications (including, but not limited to, any in-person meetings and/or oral conversations) with Jane Roe, her advisor(s), lawyer(s), victim's advocate(s), or any other persons acting on her behalf, concerning the charges against John Doe, Oberlin's disciplinary proceeding against John Doe, and/or this lawsuit.

3. For the time period ending at the filing of this lawsuit, identify all communications (including, but not limited to, any in-person meetings and/or oral conversations)

4

with John Doe, his advisors, his attorneys, or other any other persons acting on his behalf concerning the charges against John Doe, Oberlin's disciplinary proceeding against John Doe, and/or this lawsuit.

4. Identify any changes made or considered, since January l, 2013, to Oberlin's policies, procedures, rules, and regulations concerning sexual misconduct or similar offenses (however denominated), and identify the persons involved in making or considering such changes and all documents concerning such changes or considered changes.

5. Identify, and include the gender, of each College student against whom a complaint of sexual misconduct or similar offense (however denominated) was made, whether an investigation was conducted, the finding on the complaint (if investigated), the sanctions and/or discipline imposed, if any, whether an appeal was filed, and, if so, to whom and the result of that appeal, all for the period of January 1, 2013, to the present.

6. Identify any electronically stored information related to the matters alleged in John Doe's complaint, or to Oberlin's defenses to any of the foregoing claims, including by stating the location of any such information and the persons who maintain custody or control of such information.

7. Describe in detail any alleged declaration against interest or admission made by Mr. Doe and identify all documents concerning any such declaration or admission.

8. For each Oberlin official involved in any way in the investigation, evaluation, adjudication, or overseeing of any aspect of the handling of the charges against John Doe, or Oberlin's disciplinary proceedings against John Doe, identify all symposia, trainings, workshops, and conferences attended, lectures delivered, articles written, interviews given, publishings overseen, or social media postings made that involve sexual misconduct or similar offenses.

9. Identify all documents referred to or relied upon in answering these interrogatories, or which otherwise relate to your answers to these interrogatories.

10. Identify each person who provided information for the answers to these interrogatories or participated in the preparation of the answers.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney obtain further information between the time answers are served and the time of trial.

DATED: [DATE], 2019          Respectfully submitted,

/s/ Christopher C. Muha
Justin Dillon (D.C. Bar No. 502322)
Christopher C. Muha (Ohio Bar No. 0083080)
KAISERDILLON PLLC
1401 K Street NW, Suite 600
Washington, DC 20005
(202) 640-2850
(202) 280-1034 (facsimile)
jdillon@kaiserdillon.com
cmuha@kaiserdillon.com

*Attorneys for Plaintiff John Doe*