IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:17-cv-01335 |
| | ) |
| v. | ) Judge Solomon Oliver, Jr. |
| | ) |
| OBERLIN COLLEGE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OBERLIN COLLEGE'S RESPONSE IN OPPOSITION TO
JOHN DOE'S MOTION FOR LEAVE TO SERVE LIMITED PAPER DISCOVERY**

During the February 26, 2018 telephonic case management conference, this Court directed the parties not to begin discovery until it ruled on Defendant Oberlin College's Motion to Dismiss Plaintiff's Amended Complaint ("Oberlin's Motion"). *See* Dkt. 28. Plaintiff in his Motion for Leave to Serve Limited Paper Discovery asks the Court to abandon its ruling so that the parties can unnecessarily devote resources to discovery on claims that are subject to dismissal through Oberlin's Motion. *See* Dkt. 33. The Case Management Conference Order issued on March 2, 2018—which Oberlin acknowledges does not expressly stay discovery—set the cut-off for fact discovery in this standard track case at 120 days after the resolution of Oberlin's Motion, which seeks dismissal of all three of Plaintiff's claims. Dkt. 27 at 1. There is no reason for the Court to amend its directive.

Plaintiff's stated commitment to conduct paper discovery only as to his breach of contract and Title IX claims (Counts I and II of the Amended Complaint) does not minimize the waste of resources that would result from engaging in discovery at this juncture. *See* Dkt. 33 at ¶ 8. While Oberlin believes that Plaintiff's Amended Complaint fails to state *any* claim, the Court could dismiss only Plaintiff's Title IX claim (Count II of the Amended Complaint) and then decline to exercise supplemental jurisdiction over the state law breach of contract and negligence

claims (Counts I and III), resulting in dismissal of the entire action. See Dkt. 28-1 at 15 n.12. Any discovery conducted prior to the Court ruling on Oberlin's Motion runs a substantial risk of being a wasted effort.

Plaintiff in his Motion complains that Oberlin filed a renewed motion to dismiss as to the entirety of his Amended Complaint, rather than simply address the new allegations in his amended pleading. Dkt. 33 at ¶ 4. Oberlin recalls that, with the Court's consent, the parties agreed during the February 26 telephonic case management conference that it would be more efficient for Oberlin to brief the entirety of Plaintiff's Amended Complaint, rather than simply address Plaintiff's new allegations. The later course would have required the Court to review a total six briefs (two opening briefs, two oppositions, and two reply briefs) rather than the three briefs that are the subject of Oberlin's Motion. See Dkt. 28, 29 & 30. The same goal of preserving judicial and party resources warrants denying Plaintiff's Motion and foregoing the start of discovery until the Court determines whether Plaintiff has in fact stated a claim.[1]

The parties followed the Court's schedule and Oberlin's Motion was fully briefed on April 13, 2018, or about six weeks after the telephonic status conference on February 26. Dkt. 27 at 2. On September 11, 2018, Plaintiff submitted a Notice of Supplemental Authority in regard to the Sixth Circuit's decision, Doe v. Baum, 903 F.3d 575 (6th Cir. 2018). See Dkt. 31. On September 21, 2018, Oberlin filed a response to Plaintiff's Notice. Dkt. 32. Among other things, Oberlin pointed out that the basis on which the court in Baum reversed dismissal of a Title IX claim—the absence of newly articulated standards of procedural due process required of public universities—does not apply to private colleges such as Oberlin and, therefore, cannot

---

[1] The case that Plaintiff cites in support of conducting paper discovery is procedurally inapposite. Dkt. 33 ¶ 8. In that case, the court permitted the parties to engage in document discovery *after* ruling that the plaintiff had stated a breach of contract claim against the university. See Doe v. George Washington Univ., No. 1:18-cv-553 (RMC) Order (D.D.C. Aug. 14, 2018).

serve as evidence of an erroneous outcome.  Dkt. 32 at 1.  As a result, *Baum* does not save Plaintiff's Title IX claim.

    Oberlin respectfully requests that the Court deny Plaintiff's Motion to Serve Limited Paper Discovery.

Dated:  February 5, 2019

Respectfully submitted,

 /s/ *David H. Wallace*
David H. Wallace (0037210)
dwallace@taftlaw.com
Cary M. Snyder (0096517)
csnyder@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707

*Attorneys for Defendant Oberlin College*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2019, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ David H. Wallace*
David H. Wallace

*One of the Attorneys for Defendant*
*Oberlin College*
